UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MICHAEL MILLER                           CIVIL ACTION

v.                                       NO. 05-214

PRIDE INT'L, INC., PETROLEUM INT'L       SECTION "F"
PTE LTD., PRIDE FORAMER, and
PRIDE NORTH AMERICA LLP

ORDER AND REASONS

Before the Court are two related motions: (1) the defendants' motion in limine and/or for partial summary judgment; and (2) the plaintiff's motion in limine to exclude evidence of collateral source.  For the reasons that follow, the defendants' motion is DENIED and the plaintiff's motion is GRANTED.

Background

Michael Miller was working as a rig mechanic aboard the PRIDE NORTH AMERICA drilling rig off the coast of Angola when he was pinned between a crane and a handrail on January 27, 2004.  He suffered severe permanent injuries and has not been able to work since, although he remains an employee of Petroleum International PTE Limited (PIPL).[1]

_____

[1] PIPL contracted with Previnter Services, an insurer, to provide disability and medical insurance coverage to PIPL employees.  Plaintiff is eligible for the disability and medical coverages set forth in that policy.  All premiums regarding the

1

On January 26, 2005, plaintiff sued Pride International, Inc., Petroleum International PTE, Ltd., Pride Foramer, and Pride North America LLP, alleging negligence and the unseaworthiness of the PRIDE NORTH AMERICA caused his injuries and entitles him to damages.[2]

Defendants now ask the Court to find, as a matter of law, that they are entitled to a credit as against any judgment for all benefits provided and to be provided to plaintiff, to which plaintiff is entitled by virtue of the provisions contained in a policy of insurance issued by Previnter.  Plaintiff opposes the motion, contending that defendants waived the affirmative defense of set-off by not pleading it in their Answer and, even if the defense is not waived, the evidence defendants seek to introduce is barred by the collateral source rule.

                                  I.

Federal Rule of Civil Procedure 8(c) requires affirmative defenses to be set forth in a defendant's responsive pleading.  <u>See</u> <u>Combee v. Shell Oil Co.</u>, 615 F.2d 698, 700 (5th Cir. 1980).  Failure

_____

Previnter policy have been paid exclusively by PIPL; employees are not obligated to pay premiums associated with that policy.  The policy obligates Previnter to reimburse all reasonable medical expenses incurred by plaintiff as a result of injuries, including permanently debilitating ones.

     [2] Plaintiff filed a First Supplemental Amending Complaint on April 8, 2005.  On June 9, 2005, defendants filed their Answer, which sets forth general denials and defenses, but not one of set-off.  Plaintiff filed a Second Supplemental Amending Complaint on January 27, 2006.

                                  2

to plead affirmative defenses may constitute a waiver and the subsequent exclusion of that defense from the case. <u>Trinity Carton Co. v. Falstaff Brewing Corp.</u>, 767 F.2d 184, 189 (5th Cir. 1985). Set-off is an affirmative defense. <u>See</u> <u>Davis v. Odeco</u>, 18 F.3d 1237, 1246 (5th Cir. 1994).

Here, defendants seek to introduce evidence of plaintiff's disability benefits and medical payments to obtain a set-off of any judgment awarded to plaintiff. Plaintiff contends that the defendants are not entitled to set-off because they have waived that defense. The Court agrees.

II.

Defendants seek to set-off disability benefits and medical payments against any judgment plaintiff may be awarded. Defendants, however, did not raise the affirmative defense of set-off in their Answer.[3] Defendants have therefore waived their set-off defense by not pleading it before the deadline for filing amended pleadings, which has passed. <u>See</u> <u>id.</u> (affirming district court's denial of a set-off with respect to plaintiff's maintenance award because defendant waived the affirmative defense by "failing to plead it prior to the deadline for filing amended pleadings").

_____

[3] In their Reply Memorandum, defendants represent that they "have recently filed an Answer to plaintiff's Second Supplemental and Amending Complaint [wherein] the defense of set off is specifically set forth." Contrary to that representation, however, the Court's own review of the record finds only the Answer in Document Number 21, which was filed on June 9, 2005.

Accordingly, the defendants' motion for summary judgment is DENIED and the plaintiff's motion in limine to exclude evidence of collateral source is GRANTED.

New Orleans, Louisiana, May 3, 2006.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE